

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2005

# Lansing v. Metro Life Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2134

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lansing v. Metro Life Ins Co" (2005). *2005 Decisions*. Paper 642.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/642

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2134
_____

ALAN E. LANSING,

Appellant

v.

METROPOLITAN LIFE INSURANCE COMPANY

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-01041)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
August 26, 2005

Before: RENDELL, AMBRO AND FUENTES, CIRCUIT JUDGES

(Filed August 29, 2005)

_____

OPINION
_____

PER CURIAM

Alan Lansing appeals the District Court's order granting Metropolitan Life

Insurance Co. (MetLife)'s motion for summary judgment. The procedural history of this case and the details of Lansing's claims are well-known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Lansing filed a complaint in the District Court for the District of New Jersey alleging that he was disabled and that MetLife breached a contract with him. The case was transferred to the District Court for the Western District of Pennsylvania, which had handled Multi-District Litigation (MDL) involving allegations of deceptive sales practices by MetLife. MetLife filed a motion for summary judgment arguing that Lansing's claim was barred by the settlement agreement in the MDL. The District Court granted the motion, and Lansing filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

Lansing does not argue on appeal that his policy does not fall within the MDL settlement; he only argues that the District Court failed to separate his claim under the Americans with Disabilities Act (ADA) from the settled class action. However, Lansing's own descriptions of his claim under the ADA demonstrate that these allegations fall within the settlement. Lansing stated that "[m]y claim is that MetLife violated ADA because I discovered a mental condition that affects my reasoning with MetLife, simple. That I was not in the proper position to negotiate my contract." Supp. App. at 78a. In his opposition to Metropolitan Life Insurance Co. (MetLife)'s motion for summary judgment, Lansing argued that he "contracted with Met-Life to make myself economically self-sufficient not only in my older years, but also, if and when I became disabled. Met-Life agreed to this doctrine when it took it upon itself to add a disability

income rider to my already three-year old retirement instrument. Met-Life has failed to make me economically self-sufficient and this is discriminating against a person with a disability, thus violating ADA." Supp. App. at 181a. Thus, his claim concerns his contract with MetLife and is barred by the settlement. The Settlement Order is unequivocal. It provides that "any and all claims or causes of action – known or unknown – that were or could have been asserted in this action with respect to Policies [or] Annuities..." are compromised and released. " In addition, the Settlement Order and the accompanying Final Judgment contain a comprehensive permanent injunction barring all MDL settlement class members from, among other things, continuing any claim or lawsuit relating to the claims asserted in the MDL action and/or the Released Transactions as to any policy covered by the class action settlement."

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court judgment.